FILED

Nov 12   2 55 PM '03

U. S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTIONETTE BLUNT,<br>individually And/by through<br>HENRY WINIARSKI, Conservator of<br>The Estate and Person of Antoinette<br>Blunt | : <br> : <br> : <br> : <br> : | CIVIL ACTION NO.<br>3 02 CV 0518 MRK |
|         Plaintiff | : <br> : | |
| V. | : <br> : | |
| BRANDON O'BRIEN and<br>THE CITY OF HARTFORD | : <br> : | |
|         Defendants | : | NOVEMBER 12, 2003 |

## PRE-TRIAL MEMORANDUM

1.    TRIAL COUNSEL:

Plaintiff's counsel:

1.    Steven R. Dembo
      Berman, Bourns, Aaron & Dembo, LLC
      970 Farmington Avenue
      West Hartford, CT 06107
      Telephone: (860) 232-4471
      Fax: (860-523-4605

2.    Robert J. Kor
      1001 Farmington Avenue
      West Hartford, CT 06107
      Telephone: (860) 521-2806
      Fax: (860) 521-9491

Defendant's counsel:

1.      William J. Melley III
        Law Office of William J. Melley III
        250 Hudson Street
        Hartford, CT 06106
        Telephone: (860) 247-9933
        Fax: (860) 247-9944

2.    <u>JURISDICTION</u>:

      A.    Subject Matter Jurisdiction: subject matter is based on 28 U.S.C. §§ 1331, 1334, and 1367.

      B.    Personal Jurisdiction: uncontested.

3.    <u>JURY/NON-JURY</u>:

      Jury

4.    <u>LENGTH OF TRIAL</u>:

      It is estimated that it will take one-half day for jury selection and three to four days for the trial

5.    <u>FURTHER PROCEEDINGS</u>:

      The defendant intends to file a Motion to Amend his answer by adding a special defense referencing

plaintiff's violation of Connecticut General Statutes § 53a-23 in that she interfered with the arrest by Officer

O'Brien.

6.    <u>NATURE OF CASE</u>

      A.    <u>First Cause of Action</u>

            The intentional and/or reckless and/or deliberately indifferent and/or grossly negligent

course of conduct, actions and/or omissions of defendant O'Brien against the plaintiff, including but not

limited to stopping and detaining plaintiff, grabbing her and/or pushing her to the ground and/or spraying

her with mace and/or pepper spray and/or putting on handcuffs in an excessively tight manner constituted

2

the use of unreasonable and/or excessive force and deprived the plaintiff of her right to be secure in one's

person and was an assault and battery, all in violation of the plaintiff's civil rights and those rights secured

to her under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42

USC §1983. Plaintiff seeks money damages, attorneys' fees and costs in her prayer for relief.

B.     Second Cause of Action

The defendant, through his actions, conduct and/or omissions intentionally, wrongfully,

illegally, unreasonably and without just and probable cause seized the plaintiff, falsely imprisoned her,

falsely arrested her, and deprived her of life, liberty or property without due process of law, without a

warrant, in violation of her civil rights and particularly those secured to her under the Fourth, Fifth, Sixth

and Fourteenth Amendments to the United States Constitution and 42 USC §1983. Plaintiff seeks money

damages, attorneys' fees and costs in her prayer for relief.

C.     Third Cause of Action

The conduct, acts and/or omissions of the defendant deprived the plaintiff of the rights,

privileges and immunities secured to her through the First Amendment to the Constitution of the United

States. Plaintiff seeks money damages, attorneys' fees and costs in her prayer for relief.

D.     Fourth Cause of Action

The defendant's intentional physical contact with the plaintiff was without her consent,

without privilege and constituted an assault and battery upon the person of the plaintiff. Plaintiff seeks

money damages, attorneys' fees and costs in her prayer for relief.

E.     Fifth Cause of Action

The defendant's reckless and/or grossly negligent and/or negligent physical contact with the plaintiff was without her consent, without privilege and constituted an assault and battery upon the person of the plaintiff. Plaintiff seeks money damages, attorneys' fees and costs in her prayer for relief.

F.     Sixth Cause of Action

The conduct/acts of the defendant officer complained of hereinbefore were willfully, intentionally and maliciously done in wanton disregard of the rights and feelings of the plaintiff. The extreme and outrageous conduct of the defendant officer caused the plaintiff severe mental pain, distress, anxiety and anguish. Plaintiff seeks money damages, attorneys' fees and costs in her prayer for relief.

G.     Seventh Cause of Action

The defendant officer should have realized that his conduct involved an unreasonable risk of causing mental distress, and from the facts known to him, should have realized that the distress might result in illness or bodily harm. The acts of the defendant officer constituted extreme and outrageous conduct. As a result of the defendant officer's conduct, the plaintiff suffered severe mental pain, distress, humiliation, anxiety and anguish. Plaintiff seeks money damages, attorneys' fees and costs in her prayer for relief.

H.     Eighth Cause of Action

The intentional and/or reckless and/or deliberately indifferent and/or grossly negligent course of conduct, actions and/or omissions of defendant O'Brien against the plaintiff, including but not limited to stopping and detaining plaintiff, grabbing her and/or pushing her to the ground and/or spraying her with mace and/or pepper spray and/or putting on handcuffs in an excessively tight manner constituted the use of unreasonable and/or excessive force and deprived the plaintiff of her right to be secure in one's

4

person and was an assault and battery, all in violation of the plaintiff's civil rights and those rights secured

to her under Article First, Sections Seven, Eight and Nine of the Constitution of the State of Connecticut.

Plaintiff seeks money damages, attorneys' fees and costs in her prayer for relief.

I.     Ninth Cause of Action

      The defendant, through his actions, conduct and/or omissions intentionally, wrongfully,

illegally, unreasonably and without just and probable cause seized the plaintiff, falsely imprisoned her,

falsely arrested her, and deprived her of life, liberty or property without due process of law, without a

warrant, in violation of her civil rights and particularly those secured to her under Article First, Sections

Seven, Eight and Nine of the Constitution of the State of Connecticut. Plaintiff seeks money damages,

attorneys' fees and costs in her prayer for relief.

J.     Tenth Cause of Action

      The defendant City of Hartford is liable for the infringement of plaintiff's civil rights and

for damage to her person caused by the acts of defendant O'Brien pursuant to Connecticut General

Statutes §7-465 and/or §7-101a. Plaintiff seeks money damages, attorneys' fees and costs in her prayer for

relief.

Defendant's Responses to Plaintiff's Claims

The defendant has denied all the claims of the plaintiff and has left the plaintiff to her proof.

Further, the defendant has further set forth special defenses alleging:

    (a)    the defendant acting under a reasonable fear of his imminent harm, acted    in self defense;

    (b)    at all times referenced, the defendant is immune from liability for the actions alleged
           because his actions were reasonable and did not violate any clearly established constitution
           or statutory rights of the plaintiff; any actions of the named defendant were reasonable and
           necessary under the circumstances;

    (c)    at all times referred to in the complaint, the defendant is immune from the liability for all claims as alleged because he acted in good faith and in that good faith, believed that his actions were lawful and undertaken as a law enforcement officer for the City of Hartford.

7.    TRIAL BY MAGISTRATE JUDGE

No.

8.    LIST OF WITNESSES:

Plaintiff:

(a)    Expected to call at Trial:

    1.    Reginald F. Allard, Jr. (expert witness - see attached Curriculum Vitaé)
    350 Rockwood Drive,
    Southington, Connecticut 06489

    Mr. Allard's expertise is in the area of police practices and procedures. The opinion which he will express is that defendant officer did not comport his procedures at the scene of the plaintiff's arrest to known standard police training in light of the facts known and collectively expressed in his police reports. Further, Mr. Allard will testify that defendant O'Brien improperly used his pepper spray, that the officer acted contrary to accepted practices and procedures under the known facts at the time of plaintiff's arrest, and that there is substantial evidence to support the position that the officer's actions were objectively unreasonable, negligent and willful, which conduct was the proximate cause of the injury sustained by plaintiff in this matter. Mr. Allard will rely upon the Connecticut Penal Code, the laws of the City of Hartford and of the United States, deposition testimony of the various witnesses and parties, the documentary records prepared and/or utilized by the defendants in this case, discovery materials and responses prepared and utilized in this case, and his experience and knowledge in the field of police training, practice and procedure.

    2    T. Scott Sewitch, Ph.D (expert witness - see attached Curriculum Vitaé)
    Beacon Behavioral Services, LLC
    40 Dale Road
    Avon, Connecticut 06001

Dr. Sewitch's area of expertise is in clinical psychology. Dr. Sewitch will express an opinion that the plaintiff, Ms. Antoinette Blunt, has suffered a post-traumatic distress order as a result of the arrest/assault which she experienced on March 31, 2000 at the hands of the defendant(s). Dr. Sewitch will rely upon his experience and knowledge in the field of clinical psychology, his discussions with the plaintiff, his review of the plaintiff's medical/mental health records, and the diagnostic and statistical manual of mental disorders. He will rely on the following documents: correspondence from Kris Wagner, F.N.P., Community Health Services, Incl; history/evaluation of plaintiff dated March 23, 2000; records from Orthopedic Associates of Hartford, Inc.; Notice of Intent to Commence Action; records from East Seals Greater Hartford Rehabilitation Center; S.H.E. Medical Associates, Inc.; and St. Francis Hospital.

3.      Antoinette Blunt
        305 Garden Street
        Hartford, CT 06112
            Plaintiff

The plaintiff will testify as to all the allegations set forth in her Federal Court Complaint.

4.      Henry C. Winiarski, Jr., Esq.
        941 Wethersfield Avenue
        Hartford, CT 06114
            • Plaintiff's Conservator

Attorney Winiarski will testify as to the status of the plaintiff and his role in her life as conservator and in this litigation.

5.      Brandon O'Brien
        Hartford Police Department
        City of Hartford
        50 Jennings Road
        Hartford, CT 06120
            • Defendant Officer

The officer will be examined regarding issues set forth in the plaintiff's Federal Court Complaint and his answer, his training, his practices and procedures on the date of the arrest, and the contents of the reports and records that he produced regarding the subject event.

7

6.    Joyce Stephenson a/k/a Joyce Davenport
      Address Unknown
      Phone Number;  289-1412 and/or 249-9625
          Witness to Incident

      Ms. Stevenson will testify as to her observations of the arrest of the plaintiff by
      Officer O'Brien on March 31, 2000.

(b)    If the need arises these witnesses may be called:

1.    Police Officer Jaime Ramos
      Hartford Police Department
      City of Hartford
      50 Jennings Road
      Hartford, CT 06120

      The officer will be examined regarding issues set forth in the plaintiff's Federal
      Court Complaint, his training, his practices and procedures on the date of the arrest,
      and the contents of the reports and records that he and/or defendant O'Brien
      produced regarding the subject event.

2.    Police Officer Jaime Rios
      Hartford Police Department
      City of Hartford
      50 Jennings Road
      Hartford, CT 06120

      The officer will be examined regarding issues set forth in the plaintiff's Federal
      Court Complaint, his training, his practices and procedures on the date of the arrest,
      and the contents of the reports and records that he and/or defendant O'Brien
      produced regarding the subject event.

3.    Dr. J. Elderkin
      Mount Sinai Hospital
      500 Blue Hills Avenue
      Bloomfield, CT 06112
        • Medical Matters

4.    Dr. Randi Berke & Stanley Edelstein, M.D.
      S.H.E. Medical Associates
      449 Farmington Aenue
      Hartford, CT 06105
        • Medical Matters

8

5.    Kris Wagner
      Community Health Services, Inc.
      500 Albany Avenue
      Hartford, CT 06120
      • Medical Matters

6.    Jacqueline Paradis, M.D.
      19 Woodland Street
      Suite 42
      Hartford, CT 06105
      • Medical Matters

7.    W. Jay Krompinger, M.D.
      Orthopedic Associates
      85 Seymour Street
      Hartford, CT 06106
      • Medical Matters

8.    Hartford Hospital Rehabilitation Services
      Telephone Number: 545-5130
      • Medical Matters

9.    Gary Tickey, M.D.
      Saint Francis Hospital and Medical Center
      114 Woodland Street
      Hartford, CT 06105
      • Medical Matters

10.   Su Stanton, LCSW
      Easter Seals Greater Hartford Rehabilitation Center
      100 Deerfield Road
      Windsor, CT06095
      • Medical Matters

11.   Linda Babcock, Esq.
      Public Defender
      101 Lafayette Street
      Hartford, CT 06106
      • Resolution of Criminal Charges

9

12.  Tamisha Brown
     Address Unknown
     Phone Number:  524-0281
     • Witness to Incident

13.  Darrell Williams
     Address Unknown
     Telephone Number: 646-4557
     • Witness to Incident

14.  Norm Stephenson
     557 Albany Avenue
     Hartford, CT 06112
     • Possible Witness to Incident

15.  Michael Walker
     Address Unknown
     • Possible Witness to Incident

16.  Susan Comstock
     Record Keeper
     Hartford Police Department
     50 Jennings Road
     Hartford, CT 06120
     • Evidentiary basis for police records

17.  Records Keeper for each medical office and hospital/medical institution
     • Evidentiary basis for any and all medical records and/or bills which will be
       submitted at trial.

18.  Bauphen Patel
     Director of Public Works
     City of Hartford
     525 Main Street
     Hartford, Connecticut 06103
     • The width of Albany Avenue in the vicinity of the stop, detention and arrest

Defendant:

The plaintiff has listed all conceivable parties or witnesses that would be relevant to the case.  In

the event the plaintiff does not call any of the witnesses, the defendant reserves the right to so call them.

10

9.      DEPOSITION TESTIMONY:

None

10.     EXHIBITS:

A.      <u>Plaintiff's Exhibits that She Expects to Offer at Trial</u>

- Photographs of the subject area
- The complaint in this matter and the notice to the Town Clerk of Hartford
- The entirety of the City of Hartford Police Department Heartbeat Dispatch Summary Records for the incident in questions for Officers O'Brien, Rios and Ramos
- The entire Police Department Inquiry Facility Multi-match Report for the incident in question
- The City of Hartford Police Department Field Interview Card for the incident in question
- The City of Hartford Use of Non-Lethal Force Report for the incident in question
- The instructor certification/subject areas identification revised as of October, 2000
- The Police Incident Report for the subject incident
- The City of Hartford Training Trakker Record evidencing the training taken by defendant Officer O'Brien and non-party Officer Ramos and non-party Officer Rios
- Defendant Officer O'Brien's responses to the plaintiff's interrogatories and requests for production
- The defendant's answer to plaintiff's complaint
- Defendant City of Hartford's response to plaintiff's interrogatories and requests for production
- Hartford Police Department Order of Conduct Manual
- Hartford Police Department Policy and Procedure Manual
- City of Hartford Ordinance - Loitering
- Training Record and FTO Record for Officer O'Brien - Enfield Police Department
- Police Department Policy and Procedure Use of Non-Lethal Force
- City of Hartford Citizen Complaint Procedure
- Connecticut Penal Code Statutes, including §§ 53a-17 through 53a-23
- Connecticut Officer Field Manual - Penal Code
- Notice of Claim to City of Hartford

11

Additional Exhibits That Plaintiff Expects to Offer at Trial

- Report (Psychological Evaluation) of T. Scott Sewitch, Ph.D
- CV of T. Scott Sewitch, Ph.D
- Report of Reginald F. Allard, Jr. dated August 4, 2003
- DSM for Post-traumatic Stress Disorder

B.     Medical Exhibits

- Records and reports from St. Francis Hospital and Medical Center, Mount Sinai campus, regarding the incident in question and on the evening of the date in question
- All medical records from St. Francis Hospital and Medical Center, St. francis campus, from the day after the incident in question - April 1, 2000
- Medical records from plaintiff's treating OB-GYN, S.H.E. Medical Associates, P.C., and, particularly, her visit just prior to the incident in question on March 31, 2000, and any and all records regarding her scheduled visits for March 31, 2000, and whether or not she attended same, along with all subsequent records of said medical associates in which plaintiff mentions and/or complains regarding the incident in question
- Medical records from plaintiff's treating doctor, Jacqueline Parasdis, M.D.

C.     Defendant's Exhibits

1.     Plaintiff's medical record from Easter Seals.

2.     Dr. Correll's neuropsychological evaluation dated February 16 – April 4, 2002.

11.     ANTICIPATED EVIDENTIARY PROBLEMS/MOTIONS IN LIMINE:

See attached  -- Defendant's Motion in Limine

12.     STIPULATIONS OF FACT AND LAW:

I.     The parties state that the following material facts are undisputed:

A.     During all times mentioned in this complaint, the defendant Brandon O'Brien was a duly appointed official of the Hartford Police Department and a resident of the State of Connecticut.

12

B.       During all times mentioned in this complaint, the defendant City of Hartford was a municipal corporation in the State of Connecticut and the employer of defendant O'Brien.

C.       During all times mentioned herein, the defendant O'Brien acted under color of law, that is under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the United States, State of Connecticut and the City of Hartford.

II.      <u>The parties agree that the following issues of fact and law are contested</u>:

A.       That defendant O'Brien, through his actions, conduct and omissions, engaged in the conduct to the injury of the plaintiff and deprived her of the rights, privileges and immunities given to her by the First, Fourth and Fourteenth Amendments to the U.S. Constitution, the Constitution of the State of Connecticut, and the common law of the State of Connecticut.

B.       On or about March 31, 2000, in the vicinity of 43 Albany Avenue, the plaintiff was stopped by the defendant officer, placed in his police cruiser, driven around the block to her apartment, and told not to return to the subject location.

C.       Subsequently, the defendant officer again observed the plaintiff at the subject area "doing nothing in particular."

D.       The defendant officer continued his observation of the plaintiff and, thereafter, arrested her, including handcuffing her wrists and utilizing pepper spray and/or a mace substance upon her.

E.       The defendant officer caused the plaintiff to be arrested and charged with the offense of loitering, breach of peace and interfering with a police officer.

F.       Throughout the entire incident as set forth above, the plaintiff was pregnant and communicated her medical condition to the defendant officer.

13

G.    As a direct and proximate result of the defendant Officer's actions, conduct and omissions, the plaintiff sustained bodily injuries and mental injuries.

H.    The defendant officer, through his actions, conduct or omissions, falsely imprisoned the plaintiff, falsely arrested her and deprived her of life, liberty or property, without due process of law, in violation of her civil rights and those secured to her under the First, Fourth and Fourteenth Amendment of the U.S. Constitution.

I.    The defendant officer's conduct including, without limitation, his intentional and/or reckless and/or grossly negligent conduct caused the plaintiff emotional distress.

J.    The defendant officer's conduct including, without limitation, his intentional and/or reckless and/or grossly negligent conduct upon the plaintiff was in violation of the plaintiff's civil rights and those secured to her in Articles First, Section 7 and 9 of the Constitution of the State of Connecticut .

K.    The plaintiff gave the requisite notice to defendant City of Hartford of her intent to make a claim pursuant to the relevant statutes, including Connecticut General Statutes §§7-465 and/or 7-101a.

III.    <u>The defendant submits that the following issues are also relevant.</u>

A.    Whether the defendant O'Brien acted as a reasonable person under the circumstances then and there existing.

B.    Whether the defendant O'Brien is entitled to qualified immunity.

C.    Whether the plaintiff failed to obey a reasonable instruction of the plaintiff with regard to loitering.

D.    Whether the defendant had probable caused to arrest the plaintiff for loitering.

14

13.    TRIAL BY JURY:

        (a)    Jury:

                (1)  Proposed Voir Dire Questions: see attached list

                (2)  Proposed Jury Instructions: see attached list

                (3)  Jury Interrogatories/Proposed Verdict Form: see attached list:

                (4)  Proposed Case Statement:  see plaintiff's attached case statement.

PLAINTIFF, Antoinette Blunt

By_____    Date _____11-12-03_____
  Steven R. Dembo
  Berman, Bourns, Aaron & Dembo, LLC
  970 Farmington Avenue
  West Hartford, CT 06107
  Telephone: (860) 232-4471
  Fax: (860-523-4605
  CT 08554

By_____    Date: _____11/12-03_____
  Robert J. Kor
  1001 Farmington Avenue
  West Hartford, CT 06107
  Telephone: (860) 521-2806
  Fax: (860) 521-9491
  CT 08266

15

DEFENDANTS, Brandon O'Brien and The City of Hartford

By_____    Date: _____
  William J. Melley III
  Law Office of J. Melley III
  250 Hudson Street
  Hartford, CT 06106
  Telephone:  (860) 247-9933
  Fax: (860) 247-9944
  CT 06355

16

## PLAINTIFF'S PROPOSED CASE STATEMENT

On March 21, 2000, the Defendant Brandon O'Brien, a Hartford police officer, observed the Plaintiff Antoinette Blunt standing on Albany Avenue, between Garden and Bedford Streets, in Hartford, Connecticut at or about 11:00 a.m.. In response to an anonymous call that someone fitting her description was selling drugs, the Defendant O'Brien stopped, questioned and frisked Ms. Blunt. After determining that there was no evidence to conclude that she was doing anything illegal, he instructed her to get into his police cruiser and drove her to her apartment, which was around the corner. He ordered her not to return to the location.

Approximately thirty minutes later, she and a friend went to a convenience store on Albany Avenue. She then planned to catch a bus to a doctor's appointment. When the Defendant O'Brien, who was in his patrol car, observed her again standing on Albany Avenue, between Garden and Bedford Streets, he arrested Ms. Blunt and charged her with loitering, breach of peace and interfering with a police officer. In the course of the arrest Defendant O'Brien pushed the Plaintiff to the ground, handcuffed her and sprayed a chemical pepper-like spray upon her. The charges against Ms. Blunt were subsequently nolled, which means that the state decided not to prosecute her.

Ms. Blunt brings this action to address claims of violation of her civil rights, false arrest, use of excessive force, and various state common law claims.

**BEACON**
*behavioral services, LLC*

T. Scott Sewitch, Ph.D.

**Education**

| | | |
|---|---|---|
| 1984 | Ph.D., Clinical Psychology | University of Connecticut<br>Storrs, CT |
| 1978/79 | APA-approved Internship | Brockton Veterans<br>Administration Medical Center<br>Brockton, MA |
| 1974 | B.A., cum laude | Williams College<br>Williamstown, MA |

**Licensure**          1986 - Connecticut Psychologist License #1288

**Professional Experience**

| | |
|---|---|
| 01/94 - Present | Clinical Psychologist<br>Connecticut Psychological Group, P.C.<br>CPG Behavioral Health Resources<br>Beacon Behavioral Services, LLC<br>Avon, CT |
| 1982 - 1993 | Clinical Psychologist<br>Pain Management & Behavioral Medicine Center<br>Farmington, CT |

*          18 years of experience in the psychological evaluation, treatment and rehabilitation of patients with chronic back pain, headache, and a range of other medical disorders.

*          Extensive training and experience in the use of structured, time-limited, cognitive-behavioral treatments with both medical and psychiatric patient populations.

**Professional Organization Memberships**

American Psychological Association
APA Division of Health Psychology
Society of Behavioral Medicine
Connecticut Psychological Association

| 40 Dale Road | 1 Northwestern Drive | 200 Oak Street | www.beaconbehavioral.com |
|---|---|---|---|
| Avon, CT 06001 | Bloomfield, CT 06002 | Glastonbury, CT 06033 | email@beaconbehavioral.com |
| P/860 676-9350 | P/860 243-5024 | P/860 659-4570 | |
| F/860 678-7178 | F/860 286-9948 | F/860 678-7178 | |

# Reginald F. Allard Jr.

P.O. Box 100
Milldale, Connecticut .06467
Tel(860)621-1013 - FAX(860)621-1013
E-Mail: regallard@aol.com
Website: http://www.expertcop.com
Website: http://expertcoplaw.com

## SUMMARY SKILLS:

* Experienced leader, trainer, and educator.
* Working knowledge of the principles,methods,and practices in law enforcement.
* Proven experienced skills, knowledge, and application of crisis management techniques and critical decision-making.
* Qualified expert witness in both federal and state court for police use of force, procedures/practices, and training standards.

## EDUCATION:

* **M.S. Criminal Justice,**University of New Haven,West Haven,Connecticut-1978 3.6 Q.P.R.
* **B.A. Psychology,** Central Connecticut State University,New Britain,Connecticut 1972 3.2.Q.P.R.
* **Organizational Management - Testing, Measurement, & Counseling,** University of Hartford/Southern Connecticut State University, 1980/81 25 Master credit hours completed.

## EXPERIENCE:

### 1984 Dec to Present

**Training Officer** - Connecticut Police Academy - P.O.S.T.,285 Preston Avenue, Meriden, Connecticut 06450. Prepare & conduct recruit & in-service training programs. Specialist with full authority & responsibility for Arrest Mechanics/Officer Safety/Use of Force, Chemical agents(OC, CN, CS), Shooting Decisions, Domestic Violence, Laws of Arrest, Police Authority/Discretion, Suicide Intervention, Stress Management and Firearms Training. Research & lesson Plan development. Counsel and evaluate recruits. Co-ordinator for Basic Recruit sessions. To date, in excess of 11,000 recruit & in-service police officers trained.

### Leave of Absence - Feb 1989 to Aug 1989

**Police Lieutenant/Patrol Commander** - Woodbridge Police Department, 4 Meetinghouse Lane, Woodbridge, Connecticut. Responsible for the patrol and training function of a 29 member department. Oversaw the function/duties as well as ensure discipline of subordinates as they enforced law enforcement duties and responsibilities. Authored and implemented policies in police procedures and tactics.

**Rev:07/2003**

1

*REGINALD F. ALLARD, JR*

### 1982 Dec to Jan 1985

**Police Sergeant** - New Britain Police Department, 125 Columbus Blvd., New Britain, Connecticut 06050 Direct line supervisor/shift commander for a 30-person compliment of patrol officers and detectives. Discretionary review of law enforcement decisions. Prisoner control oversight and report review. Crime scene supervision and coordination of apprehension procedures. Recruit and in-service training in Search & Seizure and Patrol procedures.

### 1982 May to Dec 1982

**Police Detective** -New Britain, Connecticut police Department. Investigation of homicides, robbery, burglary, larceny, and assaults. Preparation of arrest warrants and search warrants. Interview of witnesses and interrogation of suspects. Collection/preservation of evidence. Courtroom testimony as to the investigations conducted.

### 1973 Oct to May 1982

**Police Officer** -New Britain, Connecticut Police Department. Interpersonal conflict management, criminal investigation, violator apprehension and victim trauma assistance. Neutralize verbal/physical aggression as personal and social freedoms were balanced with Constitutional Law, Penal Code Law, and Civil Law.

### 1979 Sept to 1981 Dec

**College Instructor** - Manchester Community College, 60 Bidwell Street, Manchester, Connecticut 06040. Research and development of lecture material in Psychology and Criminal Justice courses. Development of a conducive and productive learning environment along with effective student evaluation and testing.

### 1988 to 1994

**Instructor** - Connecticut Criminal Law Foundation, Inc. Judge Milton A. Fishman Foundation for Criminal Justice Training - 856 Farmington Avenue - Suite 221 West Hartford, Connecticut 06119. Re-certification for in-service police training conducted in **Shooting Decisions, Critical Incident Response Tactics & Procedure, Suicide Intervention Techniques & Domestic Violence Response Procedures**.

2

**September 1994**

**Consultant** - U. S. Department of Justice, Suite 700 1255 22nd Street, N.W.
Washington, D.C. 20037 % Michael Berkow, Project Manager, Haiti National Police
Project (202)-653-9122 International Criminal Investigative Training Assistance
Program ( ICITAP ) contracted with EBON Research Systems to conduct police
training for Haitian Internees at Guantanamo Bay, Cuba as part of Operation
Restore Democracy. As a member of a training consultant team, conducted
training courses in Basic Human Rights, Police Ethics, Mechanics of Arrest,
Defensive Tactics. Developed a Crowd Control module and a Field Training Officer
module to implement subsequent to the preliminary course work.

### PUBLICATIONS

**Report Writing For the Use of Force** – Municipal Police Training Council
Publication. January – 1989

**Why Police Officers Die.** CrimeBeat Magazine Aug. 1991.

**"Objectively Unreasonable Handcuffing"** Law and Order April 1991.

**"Death Data – Analyzing Statistics for Tactical Awareness"** The Police Marksman
March/April 1991.

**The Fleeing Felon's "Back Sanctuary"** Law & Order  March 1993

**Unreasonable Risk Confrontation – A Fourth Amendment Violation**
Law & Order – July 1993

**"At Their Own Risk – Sub Suo Periculo"** Police News – NEOA
May-1993 Connecticut Police Academy – Training Bulletin
August – 1993

**"Recruit Equipment Must Be Duty Equipment"**
Connecticut Police Academy – Training Bulletin February – 1992

**"The Three Thousand Pound Bullet – A Tactical Dilemma"**
Connecticut Police Academy – Training Bulletin Vol.2, No.2 April – 1992

**"PSRC Position on Training & Equipment for DMH Officers"**
Position Paper PSEC Representative for Department of Mental Health Regarding
Weapons Protective Services Employees Coalition – Newsletter
Vol.8 No. 3 December 1992

**"Plain Touch Doctrine"** Police News – NEOA September 1993 Vol. 4, Num. 9

**"Officer Safety – A Fourteenth Amendment Consideration "** Law & Order
September – 1994

**Model Policies – Use of Force** Connecticut Law Enforcement Foundation. Video
Tape. June 1995

**Editor – Connecticut Police Academy – Training Bulletin**

**Web Page Design** – Connecticut Police Academy http://www.post.state.ct.us

3

## SPECIAL COURSES/CERTIFICATIONS

1974(Jan) Graduate/Connecticut Police Academy (100th Training Session)
1975 Black belt (Korean Karate)
1984 Command Training Institute, Babson College, Wellesley, Mass.1985(Jan)
1985(Jan) Sworn Special State Police Officer (29-18 police powers)
1985(March) FBI Defensive Tactics Instructor, FBI Academy,Quantico,
1985(May) Psycho-motor Skill Design Instructor Certification SD 796
1986(Nov) Certified intermediate PR-24 instructor
1986(May) Conventional Baton Instructor
1986(Jan) Certified Persuader instructor
1986(Oct) Police Firearms Instructor - NRA
1986(April) Domestic Violence - Abnormal Behavior Response
1987(March) Assertiveness Training
1987(May) Defensive Tactics - Handcuffing Instructor
1987(Sept) Stress Management instructor seminar
1988(Jan) Jail Suicide Prevention
1988(April) Criminal Investigation - Psychological Profiling
1988(April) National Auto Theft seminar
1988(April) National PR-24 Intermediate instructor seminar
1988(May) Pressure Point Defensive Tactics Instructor seminar
1988(June) Crowd Control: Demonstrations & Disorders
1988(Oct) Suicide Prevention Seminar
1988(Nov) Lateral Vascular Neck Restraint Techniques - Instructor
1989(Jan) Medical Response Technician
1989(March) Breath Analysis certified
1990(April) Senior Firearms Instructor
1990(April) Police Involved Shootings - Deadly Physical Force
1990(June) Critical Incident Stress Debriefing
1991(May) Police Shotgun Clinic
1991(June) Dealing with Suicidal Persons
1992(Jan) Police Civil Liability for Training Officers
1992(March) Law Enforcement Legal Update (30 hours)
1992(April) Chemical Aerosol Spray - Instructor
1992(June) Causes of Excessive Force & Bad Shootings - IACP
1993(Feb) Police Civil Liability
1993(Feb) Use of Force: Issues in Litigation
1993(April) 13th PR-24 International Conference-recertification
1993(May) S.W.A.T. Advanced Tactical Handgun & Shotgun
1993(May) Dealing with Suicidal Persons
1993(June) Causes of Excessive Force & Bad Shootings - IACP
1993(June) Jail Suicide Intervention
1993(September) AELE Police Civil Liability
1994(January) Police Photography/Crime Scene
1994(February) Use of Force/Officer Safety legal Issues
1994(April) Police Firearms/Second Weapon ( Rifle/Shotgun/SMG )
1994(May) Verbal Judo
1995(Jan) Crowd management - Urban violence
1995(March) Cooper Institute - Physical Fitness Trainer certification
1995(Sept) IALEFI International Firearms Conference - Amarillo, Texas
1995(Oct) Colt's Armorer School - Colts Firearms - Hartford,Ct.
1996 (July) FATS, Inc Certified Operators Course
1996(Sept) IALEFI International Firearms Conference - Mesa, Arizona
1997(Oct) AELE Conference- Police Civil Liability - Las Vegas, Nevada
1998 (Jan) Re-certification PR-24 Intermediate Instructor
1998(April) Use of Force Liability - Conn. Police Academy
1998(May) Carbine Rifle- Second Weapon - Conn. Police Academy
1998(Dec) Use of Force Liability - Connecticut Police Academy

4

1999(April) Department of Justice Washington D.C. Police Corp Training
1999(June) IACP Less Lethal Force Options - Instructor Trainer
1999(Sept) Police Legal Update
1999(Oct) Defensive Tactics Instructor Seminar - Part 1
2000(May) Defensive Tactics Instructor Seminar - Part 2
2000(June) Defensive Tactics Instructor Seminar - Part 3
2000(Sept) AELE Police Liability Conference Las Vegas, Navada
2001(March) National Advisory Council FATS, Suwanee, Georgia
2001(September) Hostage/Barricaded Subjects Las, Vegas, Navada
2002(March)Taser M-26 Instructor
2002(November) Psychological Preparation or Combat "The Bulletproof Mind"
2002(December) Report Writing - Use of Force

## SEMINARS CONDUCTED

**Handcuffing Seminar**
Division of Parole - July 5, 1990
**Apprehension of the Parole Violator**
Division of Parole November 6 & 7, 1985
**Passive Restraint Techniques**
New Britain Emergency Medical Service - May 26, 1981
**Unarmed Defense & Techniques of Apprehension**
Division of Parole - November 7 & 21, 1988.
**Defensive Tactics for Female Police Officers**
New Britain Police Department - March 29, 1984.
**Officer Safety**
Middle Atlantic States Correctional Association Conference May 6 & 7, 1991.
**Family Violence/Officer Responsibility**
Panel Discussion-Connecticut Probation & Parole Association May 7, 1992.
**Officer Safety**
Department of Liquor Control - February 27, 1991.
**Defensive Tactics for Women**
Junior Woman's Club of New Britain - March 2, 1982.
**Domestic Violence**
Greater New Haven Legal Secretaries Association - December 5, 1987.
**Self-Defense for Women**
The International Association of Lions Clubs Conference - February 3, 1990
**Officer Survival**
Drug Enforcement Agency - March 8, 1988
**Defensive Tactic/Arrest Procedures**
Adult Probation - 1992/3
**Weapons Safety Committee**
Department of Mental Health
Protective Services Coalition Representative - August - 1992
**Domestic Violence - Model Policy & Procedures Committee**
Municipal Police Training Council - October - 1986
**Domestic Violence - Train the Trainers Manual Development** Police
Procedures/Practices & Probable Cause Assessment - 1992/93
**Job Task Analysis - Curriculum Validity Committee**
Municipal Police Training Council - October 1993 - October 1994
**The New Psychologist Emergency Certificate Law - 17a-503**
Connecticut Psychological Association, Inc. Clarion Hotel,
Panelist/Presenter  - Hartford, Conn.   December 3, 1993
**OC Chemical Agent Certification**
**Worker's Compensation Peace Officers** - January 21, 1994
**Narcotics, Dangerous Drugs and Patrol- Tactical Motor Vehicle Stops**

5

*REGINALD F. ALLARD, JR*
*SEMINARS CONDUCTED (Con't)*

**Patrol/Narcotics officer survival: The Physical & Psychological Encounter**
Narcotic Enforcement Officers Association
Trumbull Marriott Hotel, Trumbull Connecticut. April 14, 1995
**Use of Force - Case Law Review**
Parole Division - State of Connecticut - April 21, 1995
Torrington, Connecticut Police Department - February 21, 1995
**Stress Management**
Connecticut Animal Control Officers Training Seminar
11th Annual Conference - September 19, 1996
Holiday Inn - Cromwell, Connecticut
**Domestic Violence - Train the Trainers Manual Development**
Police Procedures & Practices - 1997
**Bail Enforcement Agent Certification**
Connecticut Certified Program in Laws of Arrest, Search & Seizure, Use of Force,
and Constitutional Law - October 1997 to present
**Speaking Presentations: Road Rage & Worksite Violence**
Various business and school locations
**Civilian Firearms Board of Inquiry - Hartford, Connecticut**
**Deadly Physical Force - June, 2000**
**Suicide by Cop - Tactical Intervention Protocols**
New London, Connecticut Police Department - January, 2001
**Restraint & Control Instructor Development** - March, 2001
Connecticut Police Academy - Meriden, Connecticut
**Flying While Armed - February 2001**
Connecticut Police Academy
**Restraint & Control Instructor Development** - May, 2002
Connecticut Police Academy - Meriden, Connecticut
**Use of Force Report Writing - December 2002**
Connecticut Police Academy
**Restraint & Control Instructor Development** - May 2003
Connecticut Police Academy
**Mobile Tactical Weapons Simulator: Train the Trainer - June - 2003**
**Judgment for Use of deadly Force**
Connecticut Police Academy

6

**Standard Connecticut Law Enforcement**
**P.O.S.T. Instructor Certificates**
**Connecticut Police Academy**

- ■  - *Firearms( Pistol, Rifle, & Shotgun )*
- ■  - *Human Behavior/Defusing Aggressive Behavior*
- ■  - *Shooting Decisions & Civil Liability*
- ■  - *SWAT protocols*
- ■  - *Defensive Tactics/Restraint & Control/Officer Safety*
- ■  - *Suicide Intervention*
- ■  - *Mechanics of Arrest/Use of Force*
- ■  - *Baton/Impact weapons*
- ■  - *OC(Pepper Spray)Tactical Use*
- ■  - *Crisis Intervention Techniques*
- ■  - *Crowd Control/Chemical Agents(CN/OC/CS)*
- ■  - *Abnormal Behavior*
- ■  - *Domestic Complaints*
- ■  - *Suspicious Persons*
- ■  - *Practical Patrol Procedures & Tactics*
- ■  - *Felony(high risk)M/V Stops - Pursuit Protocols*
- ■  - *Police Stress Management*
- ■  - *Laws of Arrest*
- ■  - *Statutory Penal Code & State and Federal Constitutional Law*
- ■  - *Weapons Laws*
- ■  - *Police Authority - Decision Making*

**PROFESSIONAL AFFILIATIONS**

International Association of Law Enforcement Firearms Instructors
American Society of Law Enforcement Trainers

Reginald F. Allard, Jr.                Voice # (860) 621-1013
P.O. Box 100                           Fax # (860) 621-1013
Milldale, Connecticut 06467

E-Mail: regallard@aol.com

Web page: http://www.expertcop.com
Web page: http://expertcoplaw.com

7