to the amount of restraint which she consented to. See Wright, FitzGerald and Ankerman, <u>Conn. Law of Torts</u> (3rd Ed.)) § 15.

h.     When we speak of consent in this connection we mean, of course, free consent, not consent into which she was forced by any unlawful means, nor consent into which she was trapped.

i.     The question of whether false imprisonment has occurred may arise in cases of temporary detention and inconvenience occurring in the everyday affairs of life. A reasonable detention for a reasonable purpose, if not accompanied with force or threats of violence does not constitute a false imprisonment, since there is no actual restraint. But if this detention is unreasonably long and brought about by compulsion so that the plaintiff submits in an apprehension of force or arrest, a defendant is liable. Words may be sufficient to constitute an imprisonment if they involve a restraint upon the person and the party is accordingly restrained; for one is not obliged to incur the risk of personal violence and insult by resisting until actual force is used. Conversely, if a plaintiff voluntarily submits, there is no illegal confinement, as where a person accused of a crime voluntarily, that is from his own choice or will full consent, or of his own free will, accompanies his accusers for the purpose of proving his innocence, and where no force is used. Submission must be by reason of apprehension of force or other unlawful means, otherwise the plaintiff does not recover. It is, again, for you to determine what the true facts are and to apply to them the law which I give you.

**Authority**: Wright and Ankerman, <u>Connecticut Jury Instructions, Civil</u>, (4 Edition) § 330 a, b, c, d, e, f, g, h and i. **Collier v. King's Mill Store, Inc.**, Common Please Court, Hartford County, Case No. 70192 (1959). See generally, Wright, FitzGerald and Ankerman, Conn. Law of Torts (3rd Ed.) § 12. See generally, **Green v. Donroe**, 186 Conn. 265 (1982).

30

## Privilege of Police Officer - False Imprisonment

a.      The plaintiff has alleged that the defendant officer falsely imprisoned her.  This type of a claim goes very deep into the original of English liberties.  In our own Constitution, in the Bill of Rights, we have this provision which dates back to Magna Charta: "No person shall be arrested, detained or punished except in cases clearly warranted by law."  I ask you to bear that cardinal principal in mind when you come to consider the various more detailed instructions I shall have to give to you.

b.      In view of this principle, no man, be he officer or civilian, has a right to detain another except when he can clearly point to authority in law for so doing; and unless he can clearly point to authority in law for so doing he may properly be held to respond in damages to the person he detains.  In this connection the defendants urge that they were justified in their actions by a statute which provides that sheriffs, deputy sheriffs, constables, police officers, and other, in their respective precincts, shall arrest without previous complaint and warrant any person for any offense in their jurisdiction when the offender shall be taken or apprehended in the act, or on the speedy information of others.  General Statutes § 54-1f.  Unless these defendants can justify the detention of the plaintiff in this case under that statute, it necessarily follows that she is entitled to recover damages from them.

c.      Now, the statute says that a police officer may take a person into custody without any warrant where she shall be taken or apprehended in the act of committing some crime; he may arrest her in that case.  Now, arrest, ladies and gentlemen, is something different from confinement.  Arrest, for our purpose, I think, may be defined to you to be the taking of a woman into custody, under real or assumed authority, for the purpose of making her answer to a criminal charge.  It implies, you see, that confinement shall be incidental to the presentation of the woman arrested before a proper magistrate.

31

d.    So, the first question which comes before you is this: Can these defendants justify the

detention of this plaintiff because she was arrested, that is, taken into custody, under real or assumed

authority for the purpose of causing her to appear to answer to a criminal charge? Unless you find that

those conditions have been met, your deliberations need go no father, so far as liability is concerned, and

the plaintiff is entitled to recover.

**Authority**: Wright and Ankerman, Connecticut Jury Instructions, Civil, (4 Edition) § 331 a, b, c,

d, e and f.  In general, see Wright, FitzGerald and Anderman, Conn. Law of Torts, (3rd Ed.) § 14;

**Beinhorn v. Saraceno**, 23 Conn. App. 487 (1990).


### State Constitutional Claims

#### Article First Violations

The plaintiff claims the defendant officer violated her rights under Article First, Sections, Seven, and

Nine of the Constitution of the State of Connecticut.

Article First, Section Seven provides that:

The people shall be secure in their persons, houses, papers, and possessions from unreasonable

searches or seizures; and no warrant to search any place, or to seize any person or things, shall issue

without describing them as nearly as may be, nor without probable cause supported by oath or affirmation.

Article First, Section Nine provides that:

No person shall be arrested, detained or punished, except in cases clearly warranted by law.

## Seizure

A person is "seized" under our state constitution when by means of physical force or a show of authority, his freedom of movement is restrained. In determining whether a seizure has occurred, so as to invoke the protections or our state constitution, you must consider in view of all of the circumstances surrounding the incident, would a reasonable person believe that he was not free to leave. The focus is on whether a reasonable person in plaintiff's position would have believed she was not free to go.

## Investigative Detention

A Police Officer must have a reasonable and articulable factual basis for an investigative stop and/or detention. This is be balanced against the freedom of the citizen from government intrusion.

In justifying a particular intrusion a police officer must be able to point to a specific and articulabe fact which taken together with rational inferences from those facts, reasonably warrant intrusion. The corollary to this, of course, is that an investigative stop or detention based on a hunch, speculation, location of an individual, increase in crime in the area, is unlawful.

When a law enforcement officer, acting with the apparent imprimatur of the state, not only fails to protect a citizen's rights but affirmatively violated those rights, it is manifest that such an abuse of authority, with its concomitant breach of trust is likely to have a different, and even more harmful, emotional and psychological effect on the aggrieved citizen than that resulting from the tortuous conduct of a private citizen.

When a police officer illegally detains and individual, a plaintiff may recover damages against that police officer under Connecticut Constitution Article First, Section Seven, Eight and Nine

33

**Authority**:  **State v. Ostroski** supra 186 Conn. At 292, 440 A.2d 984, quoting United States v. Mendenhall, supra, 446 U.S. at 554, 100 S.Ct. at 849. **Binette et al v. Sabo et al** 244 Conn. 23, 710 A. 2d 688 (1998); **Kelley Property Development, Inc., et v. Town of Lebanon et al** 226 Conn. 314, 627 A.2d 909 (1993).**State of Connecticut v. Ferdinand Oquendo** 223 Conn. 635, 613 A.2d 1300 (1992).**State v. Donahue** 251 Conn. 636 (1999).

## Excessive Force

A police officer may only use force as he reasonably believes to be necessary, so long as it is no more than is necessary under all circumstances.

A police officer is justified in using physical force upon another person when and to the extent that he reasonably believes such to be necessary to effect an arrest or prevent an escape from custody of person whom he reasonably believes to have committed an offense, unless he knows that the arrest or custody is unauthorized or to defend himself or a third person from the use or imminent use of physical force while effecting or attempting to effect an arrest or while preventing or attempting an escape.

In determining whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be, including the severity of the crimes the officers was attempting to arrest the plaintiff for, whether the plaintiff posed an immediate threat to the safety of the police officer or others and whether the plaintiff was actively resisting arrest at the time the excessive force was used.

**Authority:**  **Rydingsward v. Sikoski** 1996 WL 521006, Conn.Super., Sep 05, 1996: Connecticut General Statutes Section 53a-22, Use of Physcial Force in Making Arrest or Preventing Escape

## Qualified Immunity

Qualified immunity is an affirmative defense that a defendant must plead and prove. This defense shields government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory constitutional rights which a reasonable person would have known.

At the time of the incidents giving rise to this law suit, it was clearly established law that the plaintiff enjoyed a Fourth Amendment right to be free from:

a.      illegal seizures;

b.      false arrest;

c.      illegal stops;

d.      use of excessive force; and

e.      pursuant to the First Amendment, the freedom to travel.

Even if you find the defendant did deprive the plaintiff of her constitutional rights which were clearly established as set forth above, the defendant still may be entitled to what is called qualified immunity.

The inquiry on a qualified immunity defense is whether it would be clear to a reasonable officer that his conduct was unlawful under the situation he confronted. The question in fact for the jury to decide is whether, in light of the clearly established constitutional rights, a reasonable police officer, not the officer in this case, but a reasonable police officer would hold an objectively reasonable belief that his actions were constitutional. If a reasonable police officer would hold an objectively reasonable belief that his actions were lawful, in light of the clearly established constitutional rights, then the defendant, O'Brien, is entitled to qualified immunity. If a reasonable police office would hold an objectively reasonable belief that his actions were unlawful in light of the clearly established constitutional rights

35

which I have described to you above, then the defendant, O'Brien, would not be entitled to qualified immunity.

You must remember that all police officers are required and presumed to know what the law is and to act within its boundaries. The defendant Brandon O'Brien has the burden of proving by a fair preponderance of the evidence that his conduct was objectively reasonable and to prove the elements of the qualified immunity defense.

**Authority**: **McCardle v. Hadad**, 1312 F.3d 43, 50 (2d Cir. 1997); **Graham v. Connor**, 790 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); **Estelle v. Gamble**, 429 U.S. 97, 97 S.CT. 285, 50 L.Ed.2d 251 (1976); **Harlow v. Fitzgerald**, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); **Scheuer v. Rhodes**, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); **Roy v. City of Lewiston**, ME, No. 940-1260 (1st Cir. 1'2/21/93), 1994 WL 702817; **Stephenson v. Dingler**, 332 F.3d 68 (2nd Cir. 2003).