FILED

Nov 12   2 56 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTOINETTE BLUNT, | : | CIVIL ACTION NO. |
| individually and by/through | | 3 02 CV 0518 MRK |
| HENRY WINIARSKI, Conservator of the | | |
| Estate and Person of Antoinette Blunt | : | |
| Plaintiff | | |
| V. | : | |
| | | |
| BRANDON O'BRIEN and | | |
| THE CITY OF HARTFORD | : | |
| Defendants | | NOVEMBER 12, 2003 |

## PLAINTIFF'S PROPOSED JURY INTERROGATORIES

Pursuant to the Court's pretrial order, the plaintiff offers the following proposed jury interrogatories. The plaintiff requests permission to supplement and revise these interrogatories as necessary prior to and during trial.

PLAINTIFF, Antoinette Blunt, individually and
by/through Henry Winiarski, Conservator of the
Estate and Person of Antoinette Blunt

By_____
Steven R. Dembo for
Berman, Bourns, Aaron & Dembo, LLC
970 Farmington Avenue
West Hartford, Connecticut 06107
Phone: (860) 232-4471
Fax: (860) 523-4605
CT 08554

By_____
Robert J. Kor
1001 Farmington Avenue
West Hartford, CT 06107
Telephone: (860) 521-2806
Fax: (860) 521-9491
CT 08266

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by mail, postage prepaid, on November 12, 2003 to: William J. Melley III, Esq., 250 Hudson Street, Hartford, CT 06106.

_____
Steven R. Dembo

2

1.   At all relevant times, the defendant Brandon O'Brien was a person acting under color of state law; that is, he was a police officer of the municipality, City of Hartford, on duty and acting pursuant to his lawful authority as a police officer.

Yes _____        No _____

2.   The defendant O'Brien violated the plaintiff's rights under the Fourth Amendment to the U.S. Constitution.

Yes _____        No _____

3.   During the first encounter between the defendant O'Brien and the plaintiff, he illegally seized Ms. Blunt.

Yes _____        No _____

4.   During the first encounter between the defendant O'Brien and the plaintiff, he illegally conducted a search of Ms. Blunt's body (patted her down).

Yes _____        No _____

5.   During the first encounter between the defendant O'Brien and the plaintiff, he illegally seized her by placing her in the back of his police cruiser and driving her around the block to Ms. Blunt's home.

Yes _____        No _____

6.   During the first encounter between the defendant O'Brien and the plaintiff, the defendant lacked probable cause to seize Ms. Blunt.

Yes _____        No _____

3

7. During the first encounter between the plaintiff Blunt and the defendant O'Brien, a reasonable person undergoing the exact same events/circumstances that the plaintiff experienced would have believed that her freedom of movement had been restrained and that she had been deprived of her liberty.

Yes _____    No _____

8. The defendant O'Brien lacked probable cause to arrest the plaintiff during the second encounter.

Yes _____    No _____

9. The defendant O'Brien made a false arrest (without probable cause) of the plaintiff during their second encounter.

Yes _____    No _____

10. During the second encounter, the defendant O'Brien utilized force on the plaintiff which exceeded that which was reasonable and necessary under the circumstances.

Yes _____    No _____

11. The defendant O'Brien at the time that he arrested the plaintiff during the second encounter placed handcuffs on the plaintiff in a manner that was too tight and which constituted excessive force.

Yes _____    No _____

12. The conduct of the defendant O'Brien during the first and second encounters were the proximate cause of the injuries and damages sustained by the plaintiff.

Yes _____    No _____

13. The defendant O'Brien intended to inflict emotional distress and he knew or should have known that emotional distress would likely result from his conduct during his first encounter with the plaintiff.

Yes _____   No _____

14. The defendant O'Brien intended to inflict emotional distress and he knew or should have known that emotional distress would likely result from his conduct during his second encounter with the plaintiff.

Yes _____   No _____

15. The conduct of the defendant O'Brien throughout the first encounter with the plaintiff was extreme and outrageous and his conduct was the proximate cause of the plaintiff's distress.

Yes _____   No _____

16. The conduct of the defendant O'Brien throughout the second encounter with the plaintiff was extreme and outrageous and his conduct was the proximate cause of the plaintiff's distress.

Yes _____   No _____

17. The emotional distress sustained by the plaintiff as a result of the first encounter with the defendant O'Brien was severe.

Yes _____   No _____

5

18.    The emotional distress sustained by the plaintiff as a result of the second encounter with the defendant O'Brien was severe.

      Yes _____        No _____

19.    The defendant O'Brien should have realized that his conduct during the first encounter with the plaintiff involved an unreasonable risk of causing the plaintiff emotional distress.

      Yes _____        No _____

20.    The defendant O'Brien should have realized that his conduct during the second encounter with the plaintiff involved an unreasonable risk of causing the plaintiff emotional distress.

      Yes _____        No _____

21.    The defendant O'Brien should have realized that the distress from his first encounter with the plaintiff, if distress was caused, might result in illness or bodily harm to the plaintiff.

      Yes _____        No _____

22.    The defendant O'Brien should have realized that the distress from his second encounter with the plaintiff, if distress was caused, might result in illness or bodily harm to the plaintiff.

      Yes _____        No _____

23.    The emotional distress sustained by the plaintiff from her first encounter with the defendant O'Brien was foreseeable.

      Yes _____        No _____

6

24. The emotional distress sustained by the plaintiff from her second encounter with the defendant O'Brien was foreseeable.

Yes _____    No _____

25. The defendant O'Brien's conduct during the first encounter with the plaintiff was the proximate cause of the plaintiff's emotional distress.

Yes _____    No _____

26. The defendant O'Brien's conduct during the second encounter with the plaintiff was the proximate cause of the plaintiff's emotional distress.

Yes _____    No _____

27. The defendant O'Brien intended to confine and/or restrain the liberty of the plaintiff during the first encounter.

Yes _____    No _____

28. The defendant O'Brien intended to confine and/or restrain the liberty of the plaintiff during the second encounter.

Yes _____    No _____

29. The plaintiff was fully aware and cognizant that defendant O'Brien had restrained her and/or deprived her of her liberty during the first encounter.

Yes _____    No _____

7

30. The plaintiff was fully aware and cognizant that defendant O'Brien had restrained her and/or deprived her of her liberty during the second encounter.

Yes _____     No _____

31. The defendant O'Brien's confinement of the plaintiff was not consensual during the first encounter.

Yes _____     No _____

32. The defendant O'Brien's confinement of the plaintiff was not consensual during the second encounter.

Yes _____     No _____

33. The defendant O'Brien had no privilege or right to restrain the plaintiff during the first encounter.

Yes _____     No _____

34. The defendant O'Brien had no privilege or right to restrain the plaintiff during the second encounter.

Yes _____     No _____