FILED

Nov 12  2 55 PM '03

U. S DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ANTOINETTE BLUNT,
Individually and by/through
HENRY WINIARSKI, Conservator of
The Estate and Person of Antoinette
Blunt
           Plaintiff        : CIVIL ACTION NO.:
                                  3 02 CV0518 MRK

VS.

BRANDON O'BRIEN and
THE CITY OF HARTFORD,
           Defendants    : November 12, 2003

**MOTION IN LIMINE**

A number of issues may come up during the course of the trial. In anticipation of those issues, the defendant would make a Motion in Limine with regard to those matters.

    A. Issue of False Arrest:

An action for malicious prosecution may support liability under U.S.C. Section 1983, See Conway v. Mount Kisco, 750 of .2d, 205, 214 (2d Cir. 1984). The Fourth Amendment provides a source for a Section 1983 claim premised on the person's arrest. Singer v. Fulton County Sheriff, 63 F .3d 110, 115 (2d Cir. 1985);

citing <u>Albright v. Oliver</u> 510 U.S. 266, 266-67 (1994). Once a plaintiff presents a

claim of malicious prosecution under Section 1983, the court must inquire first

whether the defendant's conduct was tortuous under the state law, and, second

whether the plaintiff's injuries were caused by the deprivation of liberty guaranteed

by the Fourth Amendment Id, at 116.

     Determining whether defendant's conduct was tortuous is governed by state

law. <u>Russell v. Smith</u>, 68 F. 3d 33, 36 (2d Cir. 1995). To establish a malicious

prosecution cause of action under Connecticut law, the plaintiff must prove "want of

probable cause, malice, and a termination of suit in the plaintiff's favor". <u>Delaurentis</u>

<u>v. City of New Haven</u>, 220 Conn. 225, 248 (1991). The plaintiff must allege and

prove that the prosecution terminated in some manner indicating that the claimant

was guilty of the offense charged. <u>Roesch v. Otarola</u>, 980 F. 2d, 850, 852-53 (2d Cir.

1992). If, as a matter of law, the criminal action was not terminated in The Hartford's

favor, Summary Judgment should be granted on the false prosecution claim in the

municipal defendant's favor "person who thinks there is not probable cause to believe

he committed a crime with which he is charged must pursue the criminal case to an

acquittal or an unqualified dismissal" <u>Roesch</u>, supra, 853.

The evidence in this case discloses that the case was nolled on July 11, 2000, some four months after the actual arrest. In the interim, the file was continued on various occasions. The plaintiff has not submitted any evidence that the case was dismissed as opposed to the prosecution just being abandoned. Along this line, the defendants did file a motion in the State Court for release of the records, which was granted over objection. The court record, however, reflecting the nolle, is not supportive of anything further with regard to the reasoning behind the entry of a nolle. Although the statute does not permit the court to order a release of the transcript, the plaintiff further objected to any order authorizing such release of the transcript.

Therefore, the Motion in Limine would deal with a restriction of any evidence on a claim of false arrest unless there is some affirmative showing that the underlying case was, in fact, dismissed on the merits. A criminal proceeding terminates in favor of the plaintiff only when it's "final disposition is such as to indicate the accused is not guilty." Singleton v. City of New York 632 F. 2d 185, 193 (2d Cir. 1980) A nolle, like "an adjournment in contemplation of dismissal,...involves the consent of both the prosecution and the accused and leaves open the question of the accused's guilt" Id.

3

Some District Court cases have declined to extend Roesch. Colon v. Ludamann (Hall, J., D. Conn. 2003 W.L. 22208371). The defendant would submit that the better argument is to apply the concept, strictly, there must be a showing of a favorable disposition which can not be met with a nolle. Birdsall v. City of Hartford, 249 F. Supp 2d 163 (D. Conn., 2003)

  2. <u>Excessive Force Claim</u>:

  The plaintiff has claimed excessive force in the course of the arrest. The facts, however, as presented through the plaintiff's expert show this claim to be without validity. On September 19, 2003, the plaintiff's expert Reginald F. Allard, Jr. was deposed with regard to his opinions dealing with police procedures. He acknowledged on page 62 that assuming there was probable cause, handcuffs would be an appropriate protocol. At that point in time, it would be the plaintiff's duty to submit to the arrest. As Mr. Allard acknowledged, pursuant to Section 53a-23 of the Connecticut General Statutes, a citizen in the State of Connecticut has no right to resist a lawful or an unlawful arrest. He acknowledges on Page 63 – 64 that Ms. Blunt had no right to interfere with the unlawful arrest. He acknowledged, thereafter, that there was probable cause for her arrest for the charge of interference.

Mr. Allard acknowledges that Officer O'Brien had it in his interest to effectuate the arrest as quickly as possible once he made the decision to arrest her. Transcript, page 60. Mr. Allard further agrees Antoinette interfered with Officer O'Brien's arrest of her. Transcript, page 60 – 61. The resisting came about by her failure to give him her second hand after the first hand was handcuffed.

In the course of effectuating the arrest, the evidence is that the plaintiff began to use vulgar language and referred to an incident involving a shooting by an officer of a youth. The officer's report indicates that the "*** police ain't doing nothing except shooting children in the back." The plaintiff in her testimony acknowledged certain comments along that line. The plaintiff and the defendant also both report people had gathered at the scene.

The plaintiff's expert with regard to her mental state acknowledged that at the time of the incident, she was prone to be the type of person who would fly off the handle (Dr. Sewitch was recently deposed and therefore the actual site is not available at this time).

The evidence would show that upon the interference by the plaintiff with the defendant in the course of his arrest, he sprayed her one time. Thereafter, he was able

to effectuate the arrest and transported her to booking where she was tended to. She

was then removed to Mt. Sinai Hospital where she was treated by a doctor and

released. There is no other known evidence of excessive force. The testimony of Mr.

Allard is that the actual touching of the plaintiff amounted to excessive force. At the

same time, however, he acknowledges that once she interfered with his arrest of her,

Officer O'Brien should handcuff the plaintiff. Allard transcript, page 55 – 56. The

plaintiffs do not offer any evidence to show that the force used by Officer O'Brien to

effectuate the arrest was excessive: There was no excessive or lasting effect from the

force that was used.

       3.    <u>Evidence of Hartford Practices and Procedures</u>:

       The plaintiff has brought this Complaint sounding of ten causes of action:

Nine of which are as against Officer Brandon O'Brien alone and the tenth against the

City of Hartford for indemnification. There is no separate claim against the City of

Hartford. Further, no witness has been identified nor disclosed as authoritative to

testify with regard to the practice and procedures of the Hartford Police Department.

       The defendants would object to questions from other officers, including

Officer Jaime Rios and Sergeant Jaime Ramos, both of whom were deposed, with

regard to their interpretation of the practices and procedures of the Hartford Police

Department.  Further, the defendant would object to any testimony of Mr. Allard with

regard to "standard police training" inasmuch as said testimony involves an

interpretation by the witness of the testimony of Officer Rios and Sergeant Ramos.

Further, the plaintiff's expert, although he himself is an instructor with regard to

police practice and procedures has never instructed a class with regard to the loitering

regulation which is the cited regulation of the defendant O'Brien to the plaintiff.

(Allard transcript, page 48).

DEFENDANTS,

By
William J. Melley III
250 Hudson Street
Hartford, CT 06106
Phone:  (860) 247-9933
Fax:  (860) 247-9944
Federal Bar No.:  06355

### *CERTIFICATION*

This is to hereby certify that a copy of the foregoing was mailed this date to:

Steven R. Dembo, Esquire
Berman, Bourns, Aaron & Dembo, LLC
970 Farmington Avenue
West Hartford, CT 06107

7

Robert J. Kor, Esquire
1001 Farmington Avenue
West Hartford, CT 06107

William J. Melley III