UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTOINETTE BLUNT, : | |
| Individually and by/through : | |
| HENRY WINIARSKI, Conservator of : | |
| the Estate and Person of Antoinette : | NO. 3:02CV518(MRK) |
| Blunt, : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| BRANDON O'BRIEN and : | |
| THE CITY OF HARTFORD, : | |
| Defendants : | |

**<u>ORDER</u>**

In response to its Order to Show Cause of March 12, 2004 [doc. #40] directing the parties to inform the Court why the Order Dismissing Case should not be vacated and the case reopened, the parties have filed a series of documents setting forth the facts and their positions on reopening the case [docs. ##41-48]. The Court has also considered the initial filings by Ms. Blunt [docs. #35, 36], which preceded the Order to Show Cause.

The relevant facts are these. Attorney Henry C. Winiarski, Jr., has been, at all times relevant to this case, the Conservator of the Person and Estate of Antoinette Blunt, appointed to that position by the Hartford Probate Court. In that role, Mr. Winiarski authorized Attorney Robert J. Kor and Attorney Steven R. Dembo to prosecute a civil rights action against the City of Hartford on behalf of Ms. Blunt in August of 2001. Mr. Kor and Mr. Dembo recommended a settlement of Ms. Blunt's claims for $15,000, which Mr. Winiarski authorized, subject to approval by the Hartford Probate Court. This amount had been recommended to both sides by

Magistrate Judge William Garfinkel at a settlement conference on June 23, 2003. Attorney William J. Melley III, counsel for the Defendants, secured an authorization from the Hartford City Council to settle this matter for that amount on January 26, 2004.

The Hartford Probate Court, Judge Robert Killian, Jr., presiding, held a hearing on February 19, 2004 to consider the Application for Authority to Compromise Doubtful or Disputed Claim that Mr. Winiarski had filed on February 5, 2004. After hearing from Mr. Winiarski and Mr. Kor, who provided a full accounting of all expenses expended in the litigation and the proposed distribution of the settlement proceeds as well as a summary of the litigation and terms of the proposed settlement, Ms. Blunt informed the Probate Court of her objections to the settlement. Though this Court does not have a transcript of that proceeding, it appears that Ms. Blunt raised the same objections with the Probate Court that she is seeking to raise here. After considering the presentations of the Conservator, Mr. Kor and Ms. Blunt, Probate Judge Killian determined that the settlement was "in the best interest of [Ms. Blunt's] estate" and authorized Mr. Winiarski to accept the settlement on Ms. Blunt's behalf. *See* Decree of State of Connecticut Court of Probate, attached to doc. #43. No appeal was filed within 30 days of the Probate Court's order. On February 26, 2004, Mr. Winiarski executed a General Release in consideration of the sum of $15,000, and a Stipulation of Dismissal was filed with this Court [doc. #37]. Defendant transferred the $15,000 to Mr. Dembo and the funds are now being held in escrow in his Client Trust Funds Account pending this Court's decision.

Though the Court is sympathetic to Ms. Blunt's desire to maintain control over her case, the fact is that at all times relevant to the present dispute, her estate was overseen by a Conservator by order of the Hartford Probate Court. That Conservator, Mr. Winiarski, was given authority to take actions for the benefit of Ms. Blunt's estate. Here, Mr. Winiarski did so,

recommending a settlement that the attorneys he had retained and Magistrate Judge Garfinkel agreed was fair. The settlement was then confirmed as in the best interest of Ms. Blunt's estate by the Hartford Probate Court after hearing a full accounting of funds, an explanation of the settlement, and objections from Ms. Blunt. Thus, the parties with authority to settle this case did so, and that decision was formally approved by a state court. This Court has no basis on which to overturn the Probate Court's determination that the settlement was fair and in the best interest of the estate. The settlement has been fully consummated, pending distribution of the proceeds to Ms. Blunt. Accordingly, the Court orders the case dismissed and DENIES Ms. Blunt's various motions [doc. #36, 46, 48] to vacate the settlement and appoint new counsel. The Clerk is directed to close this file.

IT IS SO ORDERED.

/s/    <u>    Mark R. Kravitz    </u>
U.S.D.J.

Dated at New Haven, Connecticut: <u>April 27, 2004</u>